IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO.: 3:13CR275-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| KENNETH FITZGERALD BROWN ) | |

THIS MATTER is before the Court on Defendant's *pro se* "MOTION FOR REPLEVINS" (Doc. No. 56), regarding $14,555 in United States Currency ("the Funds")[1] which was administratively forfeited by the Drug Enforcement Administration ("DEA"), and the Government's Response (Doc. No. 60). For the reasons set forth, the Motion is DENIED.

## FACTUAL BACKGROUND

On April 5, 2013, officers of the Charlotte-Mecklenburg Police Department ("CMPD") entered Defendant's residence at 5300 Grenelefe Village Road, Charlotte, North Carolina, to investigate a purported break-in. Defendant, his girlfriend Katie Lee Gowen ("Gowen"), his son, Kenneth Brown, Jr. ("Brown, Jr.") and an unrelated individual were present. CMPD Officers recovered drugs, a firearm, and the Funds from Defendant's bedroom and on his person.

At CMPD's request, DEA initiated an administrative forfeiture. Between May 22 and July 23, 2013, before Defendant was in custody, DEA attempted to notify the Defendant, Gowen, and Brown, Jr., <u>nineteen times at eight different addresses</u> of the pending forfeiture. *See* "Declaration of [DEA Forfeiture Counsel] Vicki L. Rashid" and forty-one exhibits (attached to Doc. No. 60).

---

[1] The Funds, seized on the same date at the same time, were subject to two related administrative forfeiture actions—an action against the $9,565 and an action against the $4,990.

Despite these numerous efforts by DEA, all but one of these notices was returned with some variation of the notation, "unclaimed" or "unable to forward." However, one attempt at notice—notice of forfeiture of the $9,565—resulted in a Certified Mail Return Receipt apparently signed by Defendant when the notice was delivered to him at his residence at 5300 Grenelefe Village Road. *See* Declaration Exhibit 2. Further, from June through July 2013, DEA published notice of the forfeiture in accordance with law. *See* Declaration Exhibits 5, 19. DEA did not receive any claims or petitions. Therefore, DEA issued Declarations of Forfeiture, and Defendant did not request reconsideration of those Declarations. *See* Declaration Exhibits 6, 41.

On October 15, 2013, a Grand Jury returned a one count Bill of Indictment (Doc. No. 1) against Defendant, charging him with being a felon in possession of a firearm on or about April 5, 2013. On October 23, 2013, law enforcement arrested Defendant and, on October 25, 2013, this Court ordered (Doc. No. 4) him detained. On December 18, 2013, the Grand Jury returned a two count Superseding Bill of Indictment (Doc. No. 7), adding a charge that Defendant was also in possession of marijuana on or about April 5—the same date as the seizure of the Funds. Following trial, a jury ultimately returned verdicts (Doc. No. 34) of guilty on both charges. Thereafter, on May 13, 2015, this Court sentenced (Doc. No. 44) Defendant to ninety months imprisonment.

Then, approximately one year later, on May 23, 2016, Defendant filed this *pro se* "MOTION FOR REPLEVINS" wherein Defendant contest the seizure and forfeiture of the Funds. Defendant contends that, while he received copies of two Declarations of Forfeiture for the Funds, he "was never notified of said of [sic] the seizures in violation of their own laws. Therefore, said seizures are illegal and unconstitutional on their face." Motion at Page

1. Further, Defendant contends that "(DEA) failed to provide Petitioner with a hearing to determine if there was a nexus to determine if said seized U.S. Currency was connected to any illegal activities, just a vague perception is insufficient without more to make a determination if said currency was the proceeds from any alleged criminal activities." *Id.* at Pages 1-2. Defendant requests compensation "for the illegal seizure because there is no factual evidence connecting said currency to any alleged criminal activity." *Id.* at Page 2.

LEGAL ANALYSIS

Defendant contends that (1) there was an insufficient factual basis for the administrative forfeiture because there was no hearing to determine whether a nexus existed between his criminal activity and the Funds and, (2) while he received two Declarations of Forfeiture, he did not receive sufficient notice of the administrative forfeiture proceeding.

Insufficient Factual Basis. As to the insufficient factual basis for an administrative forfeiture, "federal courts lack jurisdiction to review the merits of administrative or nonjudicial forfeitures under CAFRA."[1] *Williams v. DEA*, 620 Fed. Appx. 72, 74 (5th Cir. 2015) (per curiam), *citing*, *inter alia*, *Mesa Valderrama v. United States*, 417 F.3d 1189 (11th Cir. 2005).[2] Therefore, whether there was ever a need in the first place for an evidentiary hearing to determine if there was a nexus between his criminal conduct and the Funds was foreclosed by his failure to file a claim while the administrative forfeiture was pending. To be entitled to a hearing now after DEA declared the Funds forfeited, Defendant must meet the

---

[1] CAFRA is the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202, April 25, 2000.

[2] *See also United States v. McGlory,* 202 F.3d 664, 670 (3d Cir. 2000); *Boero v. Drug Enforcement Admin.,* 111 F.3d 301, 304–05 (2d Cir.1997); *United States v. Watkins,* 120 F.3d 254, 256 (11th Cir.1997) (per curiam) (explaining that the government's admission that property, in that case, money, was administratively forfeited "deprive[s] the court of authority to grant the Rule 41(g) motion"); *United States v. Deninno,* 103 F.3d 82, 84 (10th Cir.1996); *United States v. Giraldo,* 45 F.3d 509, 511 (1st Cir.1995); *Scarabin v. Drug Enforcement Admin.,* 919 F.2d 337, 338 (5th Cir.1990) (noting that review of administrative forfeiture is limited to review of the procedure).

requirements of 18 U.S.C. § 983(e), which as explained below he cannot.[3]

Insufficient Notice. As to insufficient notice of the administrative forfeiture, while Defendant's Motion is vague and broadly cites Fourth and Fifth Amendments, the Court construes the Motion as seeking relief under the provisions on insufficient notice of forfeiture in 18 U.S.C. § 983(e), which is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. 983(e)(5).

Section 983(e)(1) provides in pertinent part as follows:

(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—

   (A) The Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

   (B) The moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1). Here, the Government agrees that it knew, or reasonably should have known, of Defendant's purported interest in the Funds. Therefore, the only issues before the Court are whether the Government "failed to take reasonable steps to provide" notice and whether Defendant "did not know or have reason to know of the seizure within sufficient time to file a claim." *Id.*

"The notice necessary to satisfy due process requires only that interested persons be given 'notice reasonably calculated, under all the circumstances, to apprise interested parties

---

[3] Based on the jury finding the Defendant guilty of gun and drug offenses at the high burden of proof of beyond a reasonable doubt, it seems improbable that Defendant could have ever prevailed in a forfeiture hearing where the Government must only prove its case by preponderance of the evidence. Furthermore, Currency itself – especially large amounts like $14,555 – may be evidence of criminal activity. *United States v. Barber*, 80 F.3d 964, 970 (4th Cir. 1996) (en banc) (handling of cash suggests laundering of drug money).

4

of the pendency of the action and afford them an opportunity to present their objections.'
*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L.Ed. 865 (1950). While reasonable notice requires that the government attempt to provide actual notice, it does not require that the government demonstrate that it was successful in providing actual notice. *Dusenberry*, 534 U.S. at 170, 122 S.Ct. at 701." *Mesa Valderrama*, 417 F.3d at 1197-98.

The Government did, in fact, take *myriad reasonable steps* to provide notice of the forfeiture, including nineteen attempts via Certified Mail and First Class Mail to directly and personally notify the Defendant and people close to him—Gowen and Brown, Jr. One of those attempts—the first attempt at notice of the $9,565 forfeiture to Defendant's 5300 Grenelefe Village Road residence—resulted in a Return Receipt apparently signed by Defendant. The Government clearly took reasonable steps—indeed, nineteen reasonable steps—to provide notice for purposes of Section 983(e)(1)(A).

Further, the Government published notice of the administrative forfeiture in additional to the nineteen attempts to give the Defendant personal notice.

Thus, for purposes of Section 983(e)(1)(B), the Defendant, from whom the Funds were personally seized and therefore had notice of the Funds' seizure, knew or reasonably should have known of the DEA forfeiture action with sufficient time to timely file a claim.

Defendant has failed to satisfy either of the two prongs that he must satisfy under Section 983(e)(1). Therefore, his Motion is DENIED.

**SO ORDERED.**

Signed: June 6, 2016

Frank D. Whitney
Chief United States District Judge